## JAMES McGREGOR
### v.
## LEWIS B. PARSONS AND WILLIAM F. LOAKE.

*Partnership—Existence of—Evidence—Wages of Third Person.*

In an action brought by a servant to recover from defendants for services, upon the ground that they were partners, he having been employed by one of them, the point involved being as to whether the other so held himself out to the world that one dealing with the first might fairly presume that a partnership existed, this court holds that the evidence warranted no such presumption, and declines to interfere with the judgment against the plaintiff.

[Opinion filed October 27, 1891.]

IN ERROR to the Circuit Court of Clay County; the Hon. C. S. CONGER, Judge, presiding.

Messrs. HAGLE & SHRINER and HOFF & CHESLEY, for plaintiff in error.

Mr. RUFUS COPE, for defendant in error Parsons.

SAMPLE, J.   Parsons being the owner of a large tract of land, rented the same to Loake for a period of three years; each party was to put in as permanent capital $5,107.63, either in cash, or, at his option, an equal amount in live stock, farm machinery or implements, as might be wanted for the working of the farm, and additional money was also to be put in to stock the farm.   In consideration of such renting of Parsons' farm, Loake was to give his exclusive time and attention to, and do, or cause to be done, all the work, perform all the labor, and defray all the expense connected with and necessary to the successful management and operation of said farm, including stocking, feeding, care of stock, and marketing all the products of same without putting said Parsons to any trouble or expense, and give Parsons one-half of all the produce of the farm, or of the stock that was sold.   After this contract was made, Loake hired the plaintiff, who, it would appear from the evidence, became a kind of foreman under Loake, who had the sole and exclusive possession of the farm. Parsons never assumed to give the plaintiff any directions or exercise any control over him, except a few days that he worked at Parsons' place, without it was during the time that he had charge of a stallion, which was jointly owned by Parsons and Loake.   Under this state of facts the plaintiff sued Parsons and Loake for his wages, claiming that they were partners and that he worked for the firm.

Parsons filed the general issue and also a plea denying joint liability.   A trial was had before a jury, which found for the defendants.   A motion for new trial was overruled, exceptions taken, judgment was entered on the verdict, and this appeal was prosecuted, with the usual assignment of errors.   The errors, however, relied upon, are that the verdict is contrary to the evidence, and that the court gave an instruction which misled the jury.

That Parsons was not liable to plaintiff under the contract between Parsons and Loake, is conceded by appellant's counsel. They say that "We never claimed for plaintiff that the written contract between Parsons and Loake authorized Loake to employ the plaintiff to work, so as to make Parsons liable for

his wages, and we never claimed that the written contract of itself did make Parsons liable to the plaintiff for the wages claimed." This narrows the issue to the question whether or not Parsons so held himself out to the public, that one dealing with Loake might fairly presume that a partnership existed. There was evidence tending to prove that he did, and other evidence contradicting it. The question was fairly submitted to the jury, and we do not feel disposed to disturb the verdict. The judge trying the case refused all instructions offered and wrote his own instructions, which clearly and fairly embody the law applicable to the case. The third paragraph, of which appellant's counsel complain as misleading, on the ground that the jury were charged that under the contract the defendant Parsons would not be liable for plaintiff's wages, we think was proper, for the reason that the jury might have concluded that it did create such liability, if such a charge had not been given. Seeing no error in the record and being satisfied with the verdict, the judgment is affirmed.

*Judgment affirmed.*